

1

2 **The following constitutes**
**the order of the court. Signed April 05, 2010**

3

4                                              **Marilyn Morgan**
                                              **U.S. Bankruptcy Judge**
5 _____

6

7                 UNITED STATES BANKRUPTCY COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10  In re CEDAR FUNDING, INC.,              Case No. 08-52709-MM

11                Debtor.                    Chapter 11

12

13  _____

14  R. TODD NEILSON, Trustee for Debtor,   Adversary No. 09-5120
    CEDAR FUNDING, INC.,

15

16                Plaintiff,               **MEMORANDUM DECISION ON**
                                           **TRUSTEE'S MOTION FOR SUMMARY**
17  vs.                                    **JUDGMENT**

18  DONALD S. ALBRIGHT, JR., *et. al.*,

19                Defendants.

20  _____

21                          <u>**INTRODUCTION**</u>

22        In this adversary proceeding, R. Todd Nielson, the trustee of Cedar Funding, Inc.'s estate, seeks

23  to avoid nineteen Assignments of Deed of Trust that CFI recorded. These nineteen assignments were

24  issued to over two hundred and thirty investors in sixteen separate mortgage loans originated by CFI.

25  The trustee has moved for summary judgment with respect to seventeen of the assignments asserting

26  that they were recorded either during the ninety day preference period preceding CFI's bankruptcy or

27  after the bankruptcy was filed and constitute preferential transfers within the meaning of § 547(b) of the

28  Bankruptcy Code. Because the trustee has only offered proof and requested summary judgment with

respect to seventeen of the nineteen assignments referenced in his complaint, this motion will be treated as a motion for partial summary judgment as to those seventeen assignments.  If the assignments are avoided, the related investors will join the pool of CFI's unsecured creditors.

### PROCEDURE ON SUMMARY JUDGMENT

The standards and procedures for granting partial summary judgment, also known as summary adjudication, are the same as those for summary judgment.  *See Calif. v. Campbell*, 138 F.3d 772, 780 (9th 1998); *Continental Insur. Co. v. Cota,* 2010 WL 383367 *2 (N.D. Cal. Jan. 27, 2010).  Partial summary judgment "upon all or any part of a claim" is appropriate when the evidentiary proof offered by the moving party shows that there is no genuine issue of material fact as to the specified portion of the claim and the moving party is entitled to a determination as a matter of law.  *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. Rule 56.  A plaintiff moving for summary judgment must demonstrate all elements of its claim to prevail.  *Lockwood v. Wolf Corp.,* 629 F.2d 603, 611 (9th Cir. 1980).  To avoid the seventeen Assignments of Deeds of Trust at issue, the trustee must provide evidence establishing the elements of a preferential transfer claim as to each assignment.

Some defendants have alleged affirmative defenses to the trustee's complaint.  Because defendants bear the burden of proof as to these defenses, the catalog of defenses listed in their answer, without more, is insufficient to avoid summary judgment.  *Johnson v. Georgia-Pacific Corp.*, 2009 WL 1311896 at *2 (9th Cir. May 12, 2009); *In re MarchFirst, Inc.*, 2007 WL 4105816, at *5 (Bankr. N.D. Ill. Nov. 15 2007), *citing*, *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553.  At a minimum, they must offer sufficient evidence to raise a triable issue of fact as to each element of any defense that they want to pursue.

### FACTS

Many facts  regarding CFI and its operations are recounted in *Rollins v. Nielson (In re Cedar Funding, Inc.)*, 408 B.R.299 (Bankr. N.D. Cal. 2009).  To the extent applicable, those facts are incorporated herein with repetition only as needed to properly understand the events pertinent to the

2

pending motion for summary judgment. Less than fifty of over two hundred and thirty defendants have opposed the trustee's motion for summary judgment. The facts, as taken from the evidentiary materials submitted by both sides, are stated in a light favorable to the defendants as required by the standards for summary judgment.

Prior to bankruptcy, CFI was in the business of making loans secured by trust deeds against the borrowers' real property. Its operations were funded by hundreds of investors who gave CFI money believing that they were acquiring fractional interests in the secured loans that CFI originated. Between 2004 and early 2008, CFI extended the fourteen real estate loans referenced in Exhibit A to various borrowers. In return, CFI received promissory notes from the borrowers and recorded deeds of trust naming CFI as the beneficiary. The defendants each gave CFI funds that were to be invested and used to acquire fractional interests in one or more of the secured loans at issue.

It was CFI's standard practice to deposit funds from investors into a general account known as the "escrow account" that CFI maintained at Wells Fargo Bank and from which CFI funded loans to its borrowers and, indirectly, monthly interest payments to its investors. In the escrow account, all investor money was commingled together, along with any payments received from borrowers. Shortly after receiving an investment, CFI typically made a bookkeeping entry associating that investment with a particular loan. There is no evidence that CFI deviated from its standard practice with respect to the investments at issue herein. At the time of investment, the defendant investors intended and believed that, in return for their investment, they would receive a fractionalized interest in one or more of CFI's notes and in the corresponding deed of trust securing repayment of the note.

After tendering funds to CFI, the investors ordinarily received a form acknowledgment letter on CFI letterhead thanking them for their investment in a loan that was identified in the caption of the letter. While defendants' evidence fails to establish that each defendant affected by this motion received an acknowledgment letter, for purposes of this motion, it will be assumed that they did. The body of the acknowledgment letters indicated that the investors held a specified percentage interest in the captioned loan and advised the investors when to expect the first interest payment on their investment. The letters

3

also reflected that certain loan documents were enclosed. The documents varied from letter to letter, but CFI generally enclosed executed copies of the original note and deed of trust between CFI and the borrower, along with copies of several *unexecuted* documents, including a Loan Servicing Agreement, a Lender/Purchaser Disclosure Statement, a Promissory Note Endorsement from CFI to the investor and an Assignment of Deed of Trust referencing the investor as an assignee. The letters routinely asked the investor to sign and return both the Loan Servicing Agreement and the Lender/Purchaser Disclosure Statement.

Contrary to the norm, twenty-one defendant investors indicate that they received *executed* Promissory Note Endorsements from CFI. Those investors include:

| Note #4519 | Pensco fbo M. Coolidge | endorsement dated 4/20/01 |
| | James Hage | endorsement dated 4/20/01 |
| Note #4532 | Bert Baumer | endorsement dated 5/9/01 |
| Note #5363 | Pensco fbo B. Cesarin | undated (enclosed with letter dated 8/10/06) |
| | Pensco fbo V. D'Amico | undated (enclosed with letter dated 8/10/06) |
| Note #53631 | Linda Parise | endorsement dated 5/14/08 |
| Note #5364 | Inge Fitzpatrick | endorsement dated 6/28/07 |
| | Selena Olms | endorsement dated 10/17/07 |
| | Pensco fbo B. Parrish | endorsement dated 10/10/07 |
| | Lisa Ponzio | endorsement dated 3/7/08 |
| | Elizabeth Ward | endorsement dated 1/16/08 |
| Note #5365 | Donald Albright | undated (enclosed with letter dated 11/27/07) |
| | Sandra Peckinpah | undated |
| | Pensco fbo K. Ramsden | undated (enclosed with letter dated 8/27/07) |
| | Pensco fbo R. Waldroup | undated (enclosed with letter dated 8/27/07) |
| | Pensco fbo M. Waldroup | undated (enclosed with letter dated 8/27/07) |
| Note #5474 | Keith Brown | endorsement dated 4/16/08 |
| | Lisa Ponzio | endorsement dated 4/16/08 |
| | Delwyn Smith | endorsement dated 4/21/08 |
| Note #5485 | Catherine Lau | undated (enclosed with letter dated 4/10/08) |
| | Mahin Salehinia | undated (enclosed with letter dated 4/10/08) |

4

Most of these twenty-one defendants also assert that the note endorsements were accompanied by an executed Assignment of Deed of Trust bearing the same date as the endorsement.

Every time the investors contacted CFI, CFI treated them as if they owned a fractional interest in the loan in which they had invested. Additionally, after CFI associated an investment with a particular note, it began to make regular monthly interest payments to the investor. CFI sent out interest payments to its investors even if the borrower on the loan was not making loan payments. The defendants who have filed opposition papers each received monthly interest payments from the time of their investment through March 2008. Starting in April 2008, however, CFI stopped all interest payments to its investors.

During the first five months of 2008, the California Department of Real Estate and the California Department of Corporations instituted investigations of CFI and its president and sole shareholder, David Nilsen. On May 16, 2008, the DRE suspended Nilsen's real estate license due to multiple and continuing violations of California's Business and Professions Code, which included the failure to execute and/or record assignments of deeds of trust naming the individual investors as beneficiaries. In an apparent attempt to save his real estate license, between March 7, 2008 and May 20, 2008, CFI executed the seventeen Assignments of Deeds of Trust referenced in Exhibit A hereto. The assignments reflected the fractionalized interests for which each of the defendant investors had previously paid. These executed assignments were then recorded with the appropriate county recorder's office. The recording dates range from April 22, 2008 to September 22, 2008. In each case, the assignments of CFI's deeds of trust were recorded either within a thirty-five day period preceding, or sometime subsequent to, CFI's May 26, 2008 bankruptcy filing.

At the time the executed assignments were recorded, Accustom Development, LLC held fee title to each of the eleven properties affected by the assignments. Accustom is wholly-owned by David Nilsen, CFI's president and sole shareholder. As explained in the *Rollins* decision, CFI and Nilsen often used Accustom to facilitate transfers of real estate. When CFI originated a loan, it typically gave the borrower less than the full amount of the loan, and its records reflected that the amount reserved was

5

an "interest reserve" from which the borrower's interest payments were deducted. When the indicated reserve was depleted and the borrower otherwise failed to make payments, CFI generally did not enforce the terms of the note. At times, CFI arranged for the borrower to quitclaim title to the property to Accustom. Meanwhile, CFI continued to pay interest to its investors, who were never informed that the borrower was not making payments or that title of the underlying property had been transferred to Accustom.

In a separate adversary proceeding, the trustee has challenged the transfers of title to Accustom as constituting fraudulent conveyances. Immediately after that action was filed, Accustom executed quitclaim deeds purporting to convey fee title from Accustom to the fractionalized investors associated with eight of the eleven properties.

## DISCUSSION

To succeed on summary judgment, the trustee must provide undisputed evidence showing that the seventeen Assignments of Deed of Trust transferred an interest of CFI in property to the fractional investors and that the transfers: 1) were for the benefit of a creditor; 2) were on account of an antecedent debt; 3) were made while CFI was insolvent; 4) were made within 90 days of CFI's bankruptcy petition; and 5) would allow the receiving creditor to receive more than it would under a chapter 7 liquidation, without the transfer. 11 U.S.C. § 547(b). The trustee has satisfied this burden.

With respect to the fourteen loan transactions at issue, CFI received promissory notes from each of its borrowers. The borrowers also executed deeds of trust, naming CFI as beneficiary, securing repayment of the notes. Both the deeds of trust and the promissory notes in favor of CFI constituted "legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). As a result, there is no serious challenge to whether the fractional security interests that CFI transferred to the investors constituted an interest of CFI in property.

Case: 09-05120   Doc# 67   Filed: 04/05/10   Entered: 04/06/10 08:39:41   Page 6 of 22

Turning to whether the transfers effected by the assignments were for the benefit of a creditor and were on account of antecedent debt, defendants' own submissions indicate that CFI promised to transfer fractional interests in the notes and deeds of trust to the defendants in return for their investments. Further, there is no dispute that each defendant invested thousands of dollars with CFI. Until CFI accomplished the transfers, the defendants were creditors of CFI entitled to the conveyance of their fractionalized security interests in the loans, which is why the trustee has referred to the transactions as "failed sales." When the transfers eventually occurred, they were clearly on account of antecedent debt because the defendants had been entitled to their fractional interests since the time of their original investment.

Based on the opposition papers, the only real dispute regarding the elements of a preferential transfer is whether the transfer of the defendants' secured interests in the underlying loans took place during the 90 days immediately preceding CFI's bankruptcy, a time period when CFI is presumed to have been insolvent. Defendants contend that they received full ownership of their secured interests outside of the preference period in one of two ways: First, they urge that CFI transferred the promissory notes to them prior to the preference period, either by executing a Promissory Note Endorsement in their favor or because the endorsement integrated into a signed acknowledgment letter. Alternatively, defendants assert that summary judgment is unwarranted due to questions of fact as to whether they have an equitable lien that pre-dates the preference period. Neither argument is persuasive.

**I.      Note Endorsements Outside the Preference Period Do Not Preclude Avoidance of the Liens**.

Section 547(e)(2) of the Bankruptcy Code governs whether or not a transfer is made within the 90 day preference period. According to its terms, for avoidance purposes, a transfer is made:

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time;

(B) at the time such transfer is perfected, if such transfer is perfected after such 30 days;

(C) immediately before the date of the filing of the petition, if [a transfer perfected after such 30 days] is not perfected at

(i) the commencement of the case.

Case: 09-05120    Doc# 67    Filed: 04/05/10    Entered: 04/06/10 08:39:41    Page 7 of 22

11 U.S.C. § 547(e)(2)(A) - (C). Under this provision, for avoidance purposes, a transfer is not necessarily "made" at the time that the debtor completes an effective transfer to the intended transferee. Rather, the court must also consider when the transfer is perfected to see whether the effective date, the perfection date, or the petition date will control.

Perfection, in turn, depends on whether the transfer involves real property or not. 11 U.S.C. § 547(e)(1). Here, the deeds of trust at issue are interests in real property. *In re Cortez*, 191 B.R. 174, 178 (9th Cir. B.A.P. 1995). As a result, § 547(e) dictates that the perfection date for the assignment of fractionalized interests from CFI to the defendants is the date when a bona fide third party purchaser could no longer acquire a property interest senior to the defendants' security interests. 11 U.S.C. § 547(e)(1)(A). State law determines when it is no longer possible to gain a superior interest *In re Lewis W. Shurtleff, Inc.*, 778 F.2d 1416, 1420 (9th Cir. 1985). Under California's real property recording system, the priority of conveyances, with an exception for leases that is not applicable here, is determined by time of recordation, not time of transfer. Cal. Civ. Code §§ 1213-1214; *Bratcher v. Buckner*, 90 Cal. App. 4th 1177, 1185 (2001). A "conveyance" includes every written instrument by which any interest in real property is created, mortgaged or encumbered, or by which the title to any real property may be affected. Cal. Civ. Code § 1215. Consequently, a deed of trust, as an instrument providing a security or collateral interest in real property, must be perfected by recordation to be binding on subsequent purchasers without notice. *Cortez*, 191 B.R. at 178. Similarly, the assignment of a deed of trust may be valid as between the assignor and assignee without recording, but it is only upon recording that its priority is perfected and provides constructive notice to third parties to prevent them from gaining a superior interest. Cal. Civ. Code § 2934. *See also* 4 Miller & Starr, CALIFORNIA REAL ESTATE, 3d ed., Deeds of Trust § 10:39 (2000).

Defendants argue that their fractional interests were transferred before the 90 day preference period began because CFI transferred the promissory notes to defendants outside the preference period and the transfer of the debt carried their security interests with it. Cal. Civ. Code § 2936. That argument misses the effect of California's real property recording system. The defendants are correct that transfer

8

of the underlying debt would have carried the security with it. *Id.*; 4 Miller & Starr, at §10:38 (transfer of the debt accomplishes the transfer of the security without the necessity of a formal assignment of the trust deed). Mere transfer of the security interests, however, is only valid between the assignors and assignees of the security interests. To be effective against third parties, or "perfected" within the meaning of § 547(e), the assignments of the deeds of trust had to be recorded. *Id.* § 2934.

Applying the above standards to the facts here, the evidence establishes that thirteen of the seventeen assignments were recorded within 30 days of the date when the assignment was executed. For those assignments, § 547(e)(2)(A) provides that the transfers were "made" on the effective date of the assignments, *i.e.*, between March 7, 2008 and May 20, 2008. One assignment, related to Loan No. 5364, was recorded more than 30 days after its execution, but before the May 26, 2008 petition date. Accordingly, the date of its recording is the day the transfer was made, namely May 13, 2008. *See* 11 U.S.C. § 547(e)(2)(B). Because the remaining three assignments were recorded more than 30 days after their execution and after the petition date, § 547(e)(2)(C) dictates that the transfers were made immediately before the petition date. For avoidance purposes, then, all the transfers were made within the 90 day preference period that began on February 25, 2008.

## II. The Circumstances Of This Case Dictate That The Principle of Ratable Distribution Trumps Any Right To An Equitable Lien.

Defendants' urge that summary judgment is also inappropriate because there are questions of fact regarding whether the defendants have an equitable lien that transferred the equity of their security interests to them at the time of their investment in CFI. They reason that only bare legal title was transferred when the trust deed assignments were recorded during the preference period, and therefore their equitable liens are not subject to avoidance as preferences. This argument does not preclude the entry of summary judgment for the trustee.

Even if there is a triable issue of fact as to whether an equitable lien could be imposed, caution is required before exercising this inchoate equitable power in the bankruptcy context. *In re North*

9

*American Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir. 1985). Once bankruptcy intervenes, the right to an equitable lien should be balanced against bankruptcy principles of ratable distribution. *See Rollins*, 408 B. R. at 314-16. For the reasons explained in the *Rollins* decision, CFI's bad business practices, including the commingling of investment monies from individual investors with payments from borrowers, precludes the recognition of an equitable lien in favor of any particular claimant. To prefer one claimant by awarding an equitable lien would be unfair to potential competing equitable claims to the same property. *Id.* at 316.

Further, it would make little sense to impose an equitable lien under the circumstances of this proceeding because any such lien would be avoidable as a preference. As one leading bankruptcy treatise has recognized, "for purposes of Code § 547, an equitable lien is transferred when steps to declare or enforce it are taken and without the benefit of any relation-back principle." 4 NORTON BANKRUPTCY LAW AND PRACTICE § 66.17 (3d ed. 2008). *Accord Cadle Company v. Mangan*, 316 B.R. 11, 22-23 (D. Conn. 2004)(finding the analysis set forth in NORTON persuasive). This conclusion is consistent with both the language of the Code and its historical treatment of equitable liens. As already discussed, under § 547(e), a transfer of an interest in real property is deemed to occur only when a bona fide purchaser without notice of the lien can no longer obtain a superior interest. Significantly, no relation back principle is recognized in that standard. Although § 546(b) of the Code limits some avoiding powers by preserving relation back features of state law, § 547 is conspicuously absent from the list of Code sections that remain subject to state law relation back rules. The historical treatment of equitable liens under the preference laws also supports the conclusion that equitable liens do not relate back for preference purposes. *See* 4 NORTON at § 66.17 (discussing the Bankruptcy Act's adoption of a bona fide purchaser test for preference laws, which operated to avoid many equitable liens and the subsequent effect of the Uniform Commercial Code, which eliminated the need for special provisions regarding equitable liens). Even though an equitable lien, once imposed, is said to relate back to the time of the conduct creating it, as an unrecorded lien, it only takes precedence over subsequent attaching judgment creditors, not bona fide purchasers. *First Fidelity*, 60 Cal. App. 4th at 1440-41; *Jud Whitehead*, 111 Cal.

10

App. 2d at 873.  Thus, under § 547 and the facts of this case, the imposition of an equitable lien would not prevent the trustee from avoiding it.

### III.    Summary Judgment Is Not Otherwise Improper.

The defendants who filed opposition to the trustee's motion for summary judgment finally complain that the trustee's motion seeks relief that goes beyond the claims alleged in the complaint. However, the trustee, quite simply, seeks a determination as a matter of law that the security interests of the defendants constitute avoidable preferences.  A review of the moving papers uncovers no attempt to expand the scope of the complaint.

Further, defendants have offered no evidence to support the majority of the affirmative defenses that they have alleged.  To the extent that these defenses are not supported by any evidence, they cannot prevent the entry of summary judgment in the trustee's favor. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553;. *MarchFirst*,, 2007 WL 4105816, at *5.

Finally, almost 200 defendants have failed to lodge any opposition to the trustee's motion for summary judgment.  When an opposing party does not respond to a motion for summary judgment, the motion should, if appropriate, be granted. Fed. R. Civ. P. Rule 56(f).  Because these defendants have not raised any factual disputes and the trustee has established his entitlement to relief as a matter of law, summary judgment is also appropriate against the defendants who have failed to respond.

### Conclusion

For the reasons explained, partial summary judgment is granted in favor of the trustee and against the defendants with respect to the seventeen Assignments of Deed of Trust referenced in Exhibit A.

Good cause appearing, IT IS SO ORDERED.

**** END OF ORDER ****

11

1.

**CFI Loan # 4519**

**Property Address**: 45510 Arroyo Seco Rd., Greenfield, CA

**Record Date of Assignment**: 6/18/08

**Recorded Document No.** 2008039641

**Assignees**:   Sean Cardoza; James M. Hage, Trustee of the James M. Hage Trust dated 9/22/05; Shirlee J. Thorne; Jenny D'Angelo; Maria R. Connolly; Pensco Trust Co., Custodian, FBO Marion Coolidge; George and/or Joanna Williams

2.

**CFI Loan # 4519-3**

**Property Address**: 45510 Arroyo Seco Rd., Greenfield, CA

**Record Date of Assignment**:6/24/08

**Recorded Document No.**  2008040873

**Assignees**:   Shirlee J. Thorne; Catherine M. Doherty; Gary and/or Barbara Sobak; Betty Havey; Eileen A. Hall; Roger King; Nancy Blaisdell

3.

**CFI Loan # 4532**

**Property Address**: 1060 Pajaro Hills Ct., Watsonville, CA 95076

**Record Date of Assignment**: 6/18/08

**Recorded Document No.** 2008039640

**Assignees**:   Lorraine Franz; Dwight K. Landon; Alberta Stokes; Betty McVay; Bert Baumer; Shirlee J. Thorne; Teresa G. Hurtubise; Allene A. Perry; Cyd Love; Dan L and Cynthis L. Kafer

4.

**CFI Loan # 4625**

**Property Address**: 25972 Puerta Del Cajon, Monterey, CA 93940

**Record Date of Assignment**: 6/5/08

**Recorded Document No.** 2008036342

**Assignees**: Albert L. and/or Gail T. Huff; Allene A. Perry; Betty Havey; Donald L. and/or Evelyn Shaver; Pierre Vercammen; Roger and/or Michelle Pallastrinee; Ann Cathey; Jan J. Valtr

5.

**CFI Loan # 5087**

**Property Address**: 455 Voigt Road, Lakeport, CA 95453

**Record Date of Assignment**: 9/4/08

**Recorded Document No.** 2008015864

**Assignees**: Gerd Jensen; William E. and/or Laurie M. Crogan; David Salehinia; Elizabeth I. Ward; Catherine C. Lau

6.

**CFI Loan # 5188**

**Property Address**: Fresno, CA 93711

**Record Date of Assignment**: 5/16/08

**Recorded Document No.** 2008-0071802

**Assignees**: Frances Ward; Marion H. Coolidge; Dean R. Morford, Trustee; Lawrence H. Kelley and/or Sharon M. Kelley; Mark J. Penniman and Gail S. Penniman; William E. and/or Laurie M. Crogan; James R. Thorsen and/or Diana Thorsen; James Thorsen; Judith P. Leber; Berndt Von Zehren; Pensco Trust Co., Custodian, FBO Christine Kolisch; Pensco Trust Co., Custodian, FBO Blake Cesarin; Daniel and/or Sherri Villarreal; David Salehinia; Darien Weiner; Barry B. Gumbert; Barbara G. Parrish; Pensco Trust Co., Custodian, FBO Barbara Parrish; Daniel J. Turner and Jeanne C. Turner, Trustees; Pensco Trust Co., Custodian, FBO Brad Durham; Pensco Trust Co., Custodian, FBO Ali Rodgers; Vadim Kreyd; Gilda Ann Peterson; Cheryl B. Bilgin; Elizabeth I. Ward; Savatore Masiorana; X-Files Limited Partnership, Ludmeilia Axionoff; Tetratech Retirement Plan & Trust; Carol Garcia

13

7.

**CFI Loan # 5211**

**Property Address**: Lot 55 Las Lomas Rd., Watsonville, CA 95076

**Record Date of Assignment**: 5/19/08

**Recorded Document No.** 2008031832

**Assignees**: Shirlee J. Thorne; Terry R. and/or Marcia Talcott; James C. Jeffery III; Victor M. and/or Jane R. Shaw, Trustees; Curtis and/or Terry Hilliard; Maark P. Warren; Michael F. and/or Darlene L. Kelly; Elisabeth Spence; John Middleton

8.

**CFI Loan # 5252**

**Property Address**: 23950 Cedar Hill Lane, Twain Harte, CA 95383

**Record Date of Assignment**: 5/19/08

**Recorded Document No.** 2008007106

**Assignees**: Pensco Trust Co., Custodian, FBO Pamela Flagg; David Salehinia; Darien Weiner; Steven M. Weingarten, Allyson J. Kumataka, Trustee Kumataka 1994 Trust

9.

**CFI Loan # 5352**

**Property Address**: 25972 Puerta Del Cajon, Monterey, CA 93940

**Record Date of Assignment**: 5/8/08

**Recorded Document No.** 2008029416

**Assignees**: Barbara C. Johns, Trustee; Aaron N. Gallegos; Raymond Feay; Jaime Villarreal; Lawrence H. and/or Sharon M. Kelley; Bruce D. Weingarten; George W. Piercy; Juliet F. Piercy; Steven M. Weingarten; Paul J. Franklin, III; Edward E. Tolleson; Catherine C. Lau; Sue E. Newman; Sallyann Forzani; Walter and/or Mary Marshall; Anne L. Wiewel; Kathleen A. Kemp; Brad Durham; Kaitryn Durham; John R. and/or Fleana M. Snapp

14

10.

**CFI Loan # 5363**

**Property Address**: 87 Chapparral Rd., Carmel Valley, CA 93924

**Record Date of Assignment**: 5/19/08

**Recorded Document No.** 2008032059

**Assignees**: Calvin and/or Margaret Rich; Pensco Trust Co., Custodian, FBO May S. Waldroup; Charles R. and/or Isabelle C. Smith; Pensco Trust Co., Custodian, FBO Sharon L. Jones; Joseph F. Lupino; Pensco Trust Co., Custodian, FBO Joseph Lupino; James C. Jefferey III; Veronica D'Amico and Ronald D'Amico, Trustees; Pensco Trust Co., Custodian, FBO Roberta Waldroup; Pensco Trust Co., Custodian, FBO Blake Cesarin; Pensco Trust Co., Custodian, FBO Lloyd Gurley; Lloyd Gurley; David Salehinia; Pensco Trust Co., Custodian, FBO Veronica D'Amico; Pensco Trust Co., Custodian, FBO Marc D. Waldroup; Pensco Trust Co., Custodian, FBO Ali Rodgers; Richard J. and/or Margaret Ann Muir; Roberta Rose; Shawna Parker; Pensco Trust Co., Custodian, FBO Silvia T. Marwick; Debra A. Thorngate Davis; Selene Olms

11.

**CFI Loan # 5364**

**Property Address**: Solano Rd., Corning, CA 96021

**Record Date of Assignment**: 5/13/08

**Recorded Document No.** 2008006690

**Assignees**: Lisa Ponzio

12.

**CFI Loan # 5364**

**Property Address**: Solano Rd., Corning, CA 96021

**Record Date of Assignment**: 9/22/08

**Recorded Document No.** 008013820

**Assignees**: Alberta Stokes, Trustee of the Alberta Stokes Revocable Trust dated 2/26/03; Gerd Jensen, Trustee of the GT Revocable Trust dated 4/12/04; Linda C. Elliott, Trustee of the Temple and Linda Elliott Trust dated 5/3/06; Bert Baumer; Pensco Trust Co., Custodian, FBO May S. Waldroup; Charles R. Smith, Jr. and/or Isabelle C. Smith; Floyd L. Swenson; Danette Swenson; Bruce D. Weingarten; John Steers and/or Joyce Steers; Lloyd Gurley; David Salehinia; Pensco Trust Co., Custodian, FBO Barbara Parrish; Elizabeth I. Ward; Alma E. Ruiz; Harry and Kristen McMurray; Elisabeth Spence; Christine J. Garbo; Inge Fitzpatrick; Richard L. Blanding; Linda and/or James Miller; Ray P. and/or Joyce Denne; Anthony Palma; Warren E. Anderson; The Marcia Ann Clanton Living Trust dated 6/16/06; Lisa Ponzio; Brockman Farming, Inc.; Mal Bon Bauerschmidt; Jodi G. McLean; Selene Olms; IRA Services, Custodian, FBO Judith Eileen Foon

15

13.

**CFI Loan # 5365**

**Property Address**: 93/97 Chapparral Rd., Carmel Valley, CA 93924

**Record Date of Assignment**: 5/19/08

**Recorded Document No.** 2008032057

**Assignees**:  Bert Baumer; Pensco Trust Co., Custodian, FBO May S. Waldroup; Mark D. and/or Barbara L. Bartindale; Paul J. Franklin, III; Jeanie McKnight Clausen, Trustee; Myrna J. Kurtz; Donald S. Albright, Jr., Trustee; Michael and/or Patricia Moeller; Church of Jesus Christ in The Americas, Inc.; Richard L. Schneider; IRA Services FBO Richard G. Anderson; Community Church of Monterey; Pensco Trust Co., Custodian, FBO Marc Waldroup; Pensco Trust Co., Custodian, FBO John M. Waldroup; Pensco Trust Co., Custodian, FBO Kristen Ramsden; Sandra Lee Peckinpah

14.

**CFI Loan # 5474**

**Property Address**: 441 Colton St. (and 935 Doud Ave.), Monterey, CA 93940

**Record Date of Assignment**: 5/8/08

**Recorded Document No.**  2008029404

**Assignees**:  Michael J. and/or Diane L. Kennedy; Steven M. Weingarten; Christina Shaw; Albert John Manildi; Lisa Ponzio; Pensco Trust Co., Custodian, FBO John H. Jackson; Keith B. and/or Kimberly A. Brown; Chris Keehn; Lucretia Butler; Delwyn G. and/or Sherri L. Smith; Vicki Burns

15.

**CFI Loan # 5474**

**Property Address**: 441 Colton St. (and 935 Doud Ave.), Monterey, CA 93940

**Record Date of Assignment**: 5/9/08

**Recorded Document No.** 2008029886

**Assignees**:  Lisa Ponzio

16

16.

**CFI Loan # 5474**

**Property Address:** 441 Colton St. (and 935 Doud Ave.), Monterey, CA 93940

**Record Date of Assignment**: 4/22/08

**Recorded Document No.** 2008025262

**Assignees**:     Michael J. Kennedy; Steven M. Weingarten; Edward E. Tolleson; Albert John Manildi Trust; Lisa Ponzio; Pensco Trust Co., Custodian, FBO John H. Jackson; Scott Parker; Delwyn G. Smith

17.

**CFI Loan # 5485**

**Property Address**: 441 Colton St. (and 935 Doud Ave.), Monterey, CA 93940

**Record Date of Assignment**: 5/8/08

**Recorded Document No.** 2008029408

**Assignees**:     Mahin Salehinia; Catherine C. Lau; Donna Shaver; Antonio & Debora Flores, Trustees, Flores Family Trust dated December 22, 1995; Wayne Ross; Alma E. Ruiz; Ben and/or Deboroah Compagno; Nathan Michael Fort; Berj D. Amir; Alexander Castillo; Edward Ronald Whitehead; Selene Olms

17

Adv. P. 09-5120

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

<u>**SERVICE LIST**</u>

| | |
|---|---|
| Cecily A. Dumas | Larry J. Lichtenegger, Esq. |
| FRIEDMAN DUMAS & SPRINGWATER LLP | Vincent C. Catania, Esq. |
| 150 Spear Street, Suite 1600 | ATTORNEYS AT LAW |
| San Francisco, CA 94105 | 3850 Rio Road, #58 |
| | Carmel, CA 93923 |
| | |
| Wesley J. Hammond | Aron M. Oliner |
| WILD, CARTER & TIPTON, PC | DUANE MORRIS LLP |
| 246 West Shaw Avenue | One Market Plaza |
| Fresno, CA 93755-6339 | Spear Street Tower, Suite 2000 |
| | San Francisco, CA 94105 |
| Nancy Blaisdell | Vicki Burns |
| 24501 Via Mar Monte #71 | 6 Amanda Lane |
| Carmel, CA 93923 | Lafayette, CA 94549-4265 |
| Sean Cardoza | Ann Cathey |
| 823 Fountain Avenue | 63 Desmond Road |
| Monterey, CA 93940 | Salinas, CA 93907 |
| The Marcia Ann Clanton Living Trust dated 06/18/2006 | Community Church of Monterey |
| P.O. Box 1401 | P.O. Box 222811 |
| Capitola, CA 95010 | Carmel, CA 93922 |

18

| | |
|---|---|
| Maria R. Connolly | William E and Laurie Crogan |
| 105 Circulo De Casitas | 614 Paradise Park |
| Monterey, CA 94940 | Santa Cruz, CA 95060-7007 |
| | |
| Jenny D. D' Angelo | Ray P. and Joyce Denne |
| 2620 Fresno Street | 823 Pine Street |
| Santa Cruz, CA 95062 | Monterey, CA 93940 |
| | |
| Linda Elliott | Pamela Flagg |
| 310 Bird Rock Rd. | 19020 Vierra Canyon Rd. |
| Pebble Beach, CA 93953 | Prunedale, CA 93907 |
| | |
| Nathan Michael Fort | Loraine Franz |
| 813 Union Rd. | 2673 E. Darlington Ct. |
| Hollister, CA 95023 | Fresno, CA 93720-5305 |
| | |
| Aaron N. Gallegos | Raymond R. Feay |
| 87698 Mar Azul Terrace | 87698 MAr Azul Terrace |
| Florence, OR 97439 | Florence, OR 97439 |
| | |
| Lloyd and Jeanne Gurley | Curtis and Terry Hilliard |
| 11201 Scarlet Oak Dr. | 68 Echo Valley Road |
| Oakdale, CA 95361 | Salinas, CA 93907 |
| | |
| IRA Services, Custodian FBO Judith EIleen Foon | Gerd Jensen |
| 5470 Golf Drive | 3061 Seminole Drive |
| Soquel, CA 95073 | Redding, CA 96001 |
| | |
| Dan L. and Cynthia Kafer | Chris Keehn |
| P.O. Box 366 | 8225 El Camino Estrada |
| Douglas City, CA 96024 | Carmel, CA 93923 |
| | |
| Lucretia Butler | Lawrence and Sharon Kelley |
| 8225 El Camino Estrada | 371 E. Alvin Dr. |
| Carmel, CA 93923 | Salinas, CA 93906 |
| | |
| Roger King | Christine W. Kolisch |
| P.O. Box 1076 | 80 Laurel Drive |
| Angels Camp, CA 95222 | Carmel Valley, CA 93924 |

19

| | |
|---|---|
| Allyson Kumataka<br>5312 Tortilla Flats Lana<br>Marana, AZ 85653 | Judith Leber<br>2712 E. Hoover<br>Orange, CA 92867 |
| Cyd Love FBO Nicholas Tucker<br>1121 Hellam St.<br>Monterey, CA 93940 | Walter and Mary Marshall<br>375 Lucinda Street<br>Scotts Valley, CA 95066 |
| Salvatore Masiorana<br>P.O. Box 3263<br>Monterey, CA 93942 | Lawrence and Sharon Kelley<br>371 E. Alvin Drive<br>Salinas, CA 93906 |
| Jodi McLean<br>P.O. Box 921<br>Pacific Grove, CA 93950 | Jeanie Mcknight Clausen<br>7019 Valley Greens Circle<br>Carmel, CA 93923 |
| Harry and Kristen McMurray<br>1245 Aguajito Road<br>Monterey, CA 93940 | Betty McVay<br>17667 Pond Derosa Lane<br>Salinas, CA 93907 |
| Dean R. Morford<br>22644 Oak Canyon RD.<br>Salinas, CA 93908 | Anthony Palma<br>69 Alta Mesa<br>Monterey, CA 93940 |
| Pensco trust Co., Custodian FBO Lloyd Gurley<br>P.O. Box 26903<br>San Francisco, CA 94126 | Pensco trust Co., Custodian FBO Joseph Lupino<br>P.O. Box 26903<br>San Francisco, CA 94126 |
| Pensco trust Co., Custodian FBO Silvia T. Marwick<br>P.O. Box 26903<br>San Francisco, CA 94126 | Gilda Ann Peterson<br>P.O. Box 1455<br>Carmel Valley, CA 93924 |
| George and Juliet Piercy<br>50-090 Palencia Ct.<br>La Quinta, CA 92253 | Mark and Gail Penniman<br>5455 Entrance Drive<br>Soquel, CA 95073 |
| Wayne Ross<br>P.O. Box 222<br>Pacific Grove, CA 93950 | William Roth<br>17230 Tamara Lane<br>Royal Oaks, CA 95076 |

20

```
 1
 2    Alma E. Ruiz                        Donald and Evelyn Shaver
 3    1120 Loyola Dr.                     20250 Palou Dr.
      Salinas, CA 93901                   Salinas, CA 93908
 4
      Donna Shaver                        Christina Shaw
 5    25140 Pine Hills Dr.                45 Arabian Way
 6    Carmel, CA 93923                    Scotts Valley, CA 95066

 7    Victor and Jane Shaw                John and Fleana Snapp
      1077 Indian Village                 24558 Portola Road
 8    Pebble Beach, CA 93953              Carmel, CA 93923

 9    Gary and Barbara Sobak              Elizabeth Spence
10    1626 Atherton Way                   1119 N. 59th Street
      Salinas, CA 93906                   Nampa, ID 83687
11
      Johnn and Joyce Steers              Alberta Stokes
12    1635 Josselyn Canyon Rd.            106 Third Street
13    Monterey, CA 93940                  Pacific Grove, CA 93950

14    Floyd and Danette Swenson           Tetratech Retirement Plan
      1323-A San Miguel Cyn. RD.          P.O. Box 609
15    Royal Oaks, CA 95076                Aromas, CA 95004

16    Shirlee J. Thorne                   Debra A. Thorngate Davis
17    3400 Paul Sweet RD Apt. B-306       14289 S Via Del Farolito
      Santa Cruz, CA 95065                Sahuarita, AZ 85629
18
      Edward E. Tolleson                  Daniel and Jeanne Turner
19    P.O. Box 729                        1490 Via Isola
20    Marina, CA 93933                    Monterey, CA 93940

21    Pierre Vercammen                    Daniel and Sherri Villarreal
      608 Lopez Avenue                    8001 San Miguel Canyon Rd.
22    Seaside, CA 93955                   Prunedale, CA 93907

23    Jaime Villarreal                    Mark P. Warren
24    436 Park Street                     3404 Mayfair Drive
      Salinas, CA 93901                   Sacramento, CA 95864-3806
25
      Darien Weiner                       Edward Ronald Whitehead
26    7240 Lotus Way                      17551 Vierra Cyn Rd
27    Aptos, CA 95003                     Salinas, CA 93907

28                                        21
```

1

2  George and Joanna Williams

3  1824 Redondo Way
   Salinas, CA 93906

4

5  Cheryl B. Bilgin

6  977 Portola
   Del Rey Oaks, CA 93940

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

X-Files limited Partnership, Ludmilla Axionnoff

2422 Judith Ct

Madera, CA 93637

22